No. 791

ROHRHEIMER v. BRYANT

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5638. Decided April 20, 1925

17. ACCORD AND SATISFACTION — Where parties do not agree upon a proposition and pay a sum agreed upon, it is not a case of accord.

703. LANDLORD AND TENANT—Where tenant exercises option to purchase and landlord who held property for three years under sub-lease loses rent for unexpired term, tenant not to be liable therefor.

VICKERY, J.

E. E. Bryant brought an action in the Cuyahoga Common Pleas against Maurice Rohrheimer seeking to recover $6800 that he had deposited as security on a lease under the agreement that if he complied with all the terms of the lease and paid his rent, then the money was to be refunded to him. The lease also contained the provisions that Bryant had the option to purchase on certain terms within one year.

Within this time Bryant notified Rohrheimer of his intention to exercise the option and negotiations were entered into which resulted in Bryant becoming the purchaser of the property and lease for $225,000.

It seems that Rohrheimer had paid $27,000 for three years on a sub-lease of the property before leasing it to Bryant; and inasmuch as Bryant took the property as owner before the expiration of three years, Rohrheimer claimed that there was $7000 rent coming back to him. This question was raised after the deal was put in escrow. Bryant denied this claim and went forward with negotiations, the parties agreeing to close the transaction on a certain date.

At that time Rohrheimer again suggested that Bryant agree to pay the portion of money for the unexpired term of the three years rent in advance. Bryant refused and insisted in going forward with the escrow and Rohrheimer did so, and the deeds were passed for $225,000 and the escrow agent was given a note or check for $300, the difference between the unearned portion of the three years rent and the $6800, said agent acting as messenger for Rohrheimer.

Bryant refused to accept the $300 check and it was returned to Rohrheimer who returned it to Bryant. This sending and returning of the check went on for some time until at last Rohrheimer kept it. The case was tried before the court, the jury having been waived and judgment was entered in favor of Bryant. Error was prosecuted and the Court of Appeals held:

1. The question submitted was whether there was an accord and satisfaction between the parties at the time the escrow deal was completed.

2. Accord means that the parties agreed

upon a proposition and then in accordance therewith paid the sum they agreed upon. The record in this case shows that Bryant was denying all the time and positively refused to pay any part of the $7000 and was also insisting upon the return of his $6800.

3. If the purchase had not been completed and Bryant had gone forward at the end of his three years lease and paid all the rent, he undoubtedly would have been entitled to recover the $6800.

4. Under the same circumstances he was in the same position and was entitled to recover, inasmuch as the rent was paid and the money for which the rent was deposited.

Judgment affirmed.

Attorneys—Mooney, Hahn, Loeser & Keough for Rohrheimer; Barfield, MacGregor & Baldwin for Bryant; all of Cleveland.